UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**RACHEL HEBERT**  CIVIL ACTION

**VERSUS**  NO. 23-5484

**HERTZ CORPORATION ET AL.**  SECTION "B"(5)

**ORDER AND REASONS**

Before the Court is defendant Geico County Mutual Insurance Company's unopposed motion for summary judgment (Rec. Doc. 25). For the following reasons,

**IT IS ORDERED** that defendant Geico County Mutual Insurance Company's motion for summary judgment is **GRANTED**.

**I.  FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Claiming personal injury from a car accident in Orleans Parish, Louisiana, plaintiff Rachel Hebert filed a state court petition against Hertz Vehicles, Hertz Corporation, ESIS, Inc., and United Services Automobile Association. Rec. Doc. 3-3 at 1–2. Subsequently, plaintiff filed a first supplemental and amended petition, adding Alycia Mendoza and Sandy Fuentes as named defendants. *Id.* at 33. Therein, plaintiff alleges Mendoza was the driver of the accident-causing vehicle, which had been rented by Fuentes. *Id.* at 34. In a second supplemental and amended petition, plaintiff added a seventh named defendant, Geico County Mutual Insurance Company. *Id.* at 53.

Following its service, Geico timely removed the case, claiming diversity jurisdiction of 28 U.S.C. § 1332. *See* Rec. Doc. 3 at 3–5. Properly served defendants Hertz Vehicles, Hertz Corporation, ESIS, Inc., and United Services Automobile Association provided consent to the removal. *See* Rec. Doc. 3-4; *see also* Rec. Doc. 3 at 2 ("It appears that Alycia Mendoza and Sandy Fuentes have never been served."). After removal, plaintiff settled all claims against defendants

1

Hertz Vehicles, LLC, Hertz Corporation, and ESIS, Inc. *See* Rec. Docs. 23 and 24. Geico now moves for summary judgment of claims directed against it. Rec. Doc. 25.

## II. LAW AND ANALYSIS

### A. Motion for Summary Judgment Standard

Summary judgment is proper if the pleadings, depositions, interrogatory answers, and admissions, together with any affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett,* 477 U.S. 317, 327 (1986). However, even if not accompanied by an affidavit, material in support or opposition of a motion for summary judgment may be considered as long as it is "*capable* of being 'presented in a form that would be admissible in evidence.'" *LSR Consulting, LLC v. Wells Fargo Bank, N.A.*, 835 F.3d 530, 534 (5th Cir. 2016) (emphasis in original) (quoting Fed. R. Civ. P. 56(c)(2)). Courts view all facts and evidence in the light most favorable to the non-moving party, but "refrain from making credibility determinations or weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.,* 530 F.3d 395, 398 (5th Cir. 2008).

Where the movant bears the burden of proof, it must "demonstrate the absence of a genuine issue of material fact" using competent summary judgment evidence. *Celotex*, 477 U.S. at 323. However, "where the non-movant bears the burden of proof at trial, the movant may merely point to an absence of evidence." *Lindsey v. Sears Roebuck & Co.*, 16 F.3d 616, 618 (5th Cir. 1994). Should the movant meet its burden, the burden shifts to the non-movant, who must show by "competent summary judgment evidence" that there is a genuine issue of material fact. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); *Lindsey*, 16 F.3d at 618. Accordingly, conclusory rebuttals of the pleadings are insufficient to avoid summary

judgment. *Bargher v. White*, 928 F.3d 439, 444–45 (5th Cir. 2019). There is no genuine issue of material fact if, even viewing the evidence in the light most favorable to the non-moving party, no reasonable trier of fact could find for the non-moving party, thus entitling the moving party to judgment as a matter of law. *Smith v. Amedisys,* 298 F.3d 434, 440 (5th Cir. 2002).

### B. Unopposed Motion Standard

In the Eastern District of Louisiana, a respondent that opposes a motion, including a motion for summary judgment, "must file and serve a memorandum in opposition to the motion with citations of authorities no later than eight days before the noticed submission date." Local Rule 7.5. If a contradictory motion is unopposed, a district court may not grant it automatically, but may grant it if the motion has merit. *See Braly v. Trail*, 254 F.3d 1082, 2001 WL 564155 at *2 (5th Cir. 2001).

The Court set the submission date for defendant's motion for summary judgment as May 8, 2024, establishing plaintiff's deadline to oppose as April 30, 2024. Plaintiff did not so oppose. The Court "may properly assume that [plaintiff has] no opposition" to the motion to dismiss, and may grant defendant's request if it has merit. *Smith v. Larpenter*, No. 16-15778, 2017 WL 2773662, at *1 n.1 (E.D. La. May 3, 2017), *report and recommendation adopted*, No. 16-15778, 2017 WL 2780748 (E.D. La. June 26, 2017).

### C. Louisiana Conflicts-of-Law Standard

This insurance dispute was removed to federal court on the basis of diversity jurisdiction of 28 U.S.C. § 1332. *See* Rec. Doc. 3 at 4–5. "A federal court sitting in diversity applies the substantive law of the forum state, in this case Louisiana." *Wisznia Co. v. Gen. Star Indem. Co.*, 759 F.3d 446, 448 (5th Cir. 2014). "An insurance policy is a conventional obligation that constitutes the law between the insured and the insurer, and the agreement governs the nature of

3

their relationship." *Q Clothier New Orleans, L.L.C. v. Twin City Fire Ins. Co.*, 29 F.4th 252, 256–57 (5th Cir. 2022) (quoting *Supreme Servs. & Spec. Co. v. Sonny Greer, Inc.*, 958 So. 2d 634, 638 (La. 2007)). Under Louisiana conflicts-of-law provisions, a conventional obligation "is governed by the law of the state whose policies would be most seriously impaired if its law were not applied to that issue." La. Civ. Code art. 3537. The Louisiana Civil Code supplies three factors for assessing the state facing the most serious impairment:

> (1) the pertinent contacts of each state to the parties and the transaction, including the place of negotiation, formation, and performance of the contract, the location of the object of the contract, and the place of domicile, habitual residence, or business of the parties;
> (2) the nature, type, and purpose of the contract; and
> (3) the policies referred to in Article 3515, as well as the policies of facilitating the orderly planning of transactions, of promoting multistate commercial intercourse, and of protecting one party from undue imposition by the other.

*Id.* However, before engaging in a fully considered conflicts-of-law analysis, the Louisiana Supreme Court asks a more basic question: *is there any conflict of law present? See Champagne v. Ward*, 2003-3211 (La. 1/19/05), 893 So. 2d 773, 786 ("[W]e conclude that the appropriate starting point in a multistate case such as the present one is to first determine that there is a difference between Louisiana's . . . law and the . . . law of the foreign state, and then to conduct a choice-of-law analysis, as codified in Book IV of the Civil Code, to determine which state's law applies to the interpretation of the . . . policy."). The United States Fifth Circuit has noted "if the laws of the states do not conflict, then no choice-of-law analysis is necessary, and we simply apply the law of the forum state." *Mumblow v. Monroe Broad., Inc.*, 401 F.3d 616, 620 (5th Cir. 2005) (quotation cleaned up, citation omitted); *see also Rohr v. Allstate Ins. Co.*, No. 06-30970, 2007 WL 3120131, at *2 (5th Cir. Oct. 25, 2007) (discussing *Champagne* and instructing a choice-of-law analysis "if the respective laws are different").

Geico contends Texas law applies here to inform the construction of an insurance contract. In *RSUI Indemnity Co. v. The Lynd Co.*, the Texas Supreme Court provided general norms for insurance contract interpretation: "Unless the policy dictates otherwise, we give words and phrases their ordinary and generally accepted meaning, reading them in context and in light of the rules of grammar and common usage." *RSUI Indem. Co. v. The Lynd Co.*, 466 S.W.3d 113, 118 (Tex. 2015) (citation omitted). The Louisiana Supreme Court has held similarly: "Words and phrases used in an insurance policy are to be construed using their plain, ordinary and generally prevailing meaning, unless the words have acquired a technical meaning." *See Cadwallader v. Allstate Ins. Co.*, 2002-1637 (La. 6/27/03), 848 So. 2d 577, 580 (citing La. Civ Code art. 2047). Moreover, in both states, policy provisions are read to have meaning. *Compare RSUI Indem. Co*, 466 S.W.3d at 118 (citation omitted) ("We strive to give effect to all of the words and provisions so that none is rendered meaningless."); *with* La. Civ. Code Ann. 2049 ("A provision susceptible of different meanings must be interpreted with a meaning that renders it effective and not with one that renders it ineffective."). Finally, both states view insurance contracts as a whole, with provisions seen in relation to each other. *Compare RSUI Indem. Co*, 466 S.W.3d at 118 (quotation cleaned up, citation omitted) ("No one phrase, sentence, or section of a contract should be isolated from its setting and considered apart from the other provisions."); *with Carrier v. Reliance Ins. Co.*, 1999-2573 (La. 4/11/00), 759 So. 2d 37, 43 ("Ambiguity is to be resolved by construing the policy as a whole."). As Texas and Louisiana present no divergence in general interpretation principles, we observe no conflict in law for the present issue. Accordingly, we apply the substantive law of the forum state, Louisiana. *See Mumblow*, 401 F.3d at 620.[1]

---

[1] This conclusion is narrowly drawn, applicable only to Geico's instant motion for summary judgment. In Louisiana's conflict-of-law analysis, the concept of dépeçage dictates an issue-by-issue assessment of the applicable law: "When a conflict exists with regard to only one issue, the court should focus on the factual contacts and policies that are pertinent to that issue. When a conflict exists with regard to more than one issue, each issue should be analyzed

### D. Insurance Contract Analysis

Plaintiff adds Geico as a named defendant in her second supplemental and amended petition. Rec. Doc. 3-3 at 53. She does so without providing applicable policy information; however, Geico attaches to its motion for summary judgment an affidavit in which Sandy Salas Fuentes admits an insurance policy with Geico, under policy number 4565482033. *See* Rec. Doc. 25-4 at 9. Geico further attaches policy 4565-48-20-33, issued to Sandy Marie Salas and Emilio Fuentes for their 2019 Toyota Highlander. *Id.* at 15. The affidavit and insurance policy are properly before the Court in consideration of the instant motion for summary judgment. *See* Fed. R. Civ. P. 56(c).

In its first supplemental and amended petition, plaintiff alleges that Fuentes rented the vehicle involved in the accident but that Alycia Mendoza was driving it. Rec. Doc. 3-3 at 34. Affidavits from Fuentes and Mendoza confirm that arrangement. Rec. Doc. 25-4 at 9, 10. Fuentes rented the vehicle "so that it could be used by Alycia Mendoza." *Id.* at 9. Fuentes, moreover, was not in the vehicle when the accident occurred. *Id.* at 9, 10.

Fuentes's Geico policy restricts liability coverage in two pertinent ways: to specific drivers and to specific types of temporary vehicles. Both restrictions are implicated in the policy's definition of temporary vehicle:

> ***Temporary vehicle*** includes a vehicle that is loaned or provided to ***you***, any ***family member***, or any licensed operator residing in ***your*** household, by an automobile ***repair facility*** for the use of ***you***, any ***family member***, or any licensed operator residing in ***your*** household, while a motor vehicle owned by ***you*** or any ***family member*** is at the facility for service, repair, maintenance, or damage or to obtain an estimate and is:
> a. in the lawful possession of ***you***, any ***family member***, or any licensed operator residing in ***your*** household;
> b. not owned by ***you***, any ***family member***, or any licensed operator residing in ***your*** household; and

---

separately, since each may implicate different states, or may bring into play different policies of these states." *See* La. Civ. Code art. 3515 cmt. (d).

6

>    c. operated by or in the possession of *you*, any *family member*, or any licensed operator residing in *your* household, until the vehicle is returned to the *repair facility*.

*Id.* at 20 (emphasis in original). A temporary vehicle is also included as a type of "temporary substitute auto," which extends coverage to a replacement vehicle due to the covered auto's "breakdown, repair, servicing, loss, or destruction." *Id.* at 19. The policy further defines a family member as "a person who is a resident of your household and related to you by blood marriage or adoption." *Id.*

Coverage is not available for an accident involving Alycia Mendoza's operation of a vehicle rented by policyholder Sandy Fuentes. First, Mendoza is not the type of driver covered by the policy. Specifically, Mendoza is not a qualified family member or household resident. Mendoza and Fuentes list separate addresses in their affidavits. *Id.* at 9, 10. Second, the rented vehicle is not of the type covered by the policy. A covered "temporary substitute auto" is one used due to the covered auto's "breakdown, repair, servicing, loss, or destruction." *Id.* at 19. Here, Fuentes rented the vehicle not due to issues with her 2019 Toyota Highlander but "so that it could be used by Alycia Mendoza." *Id.* at 9. Based on the applicable, unambiguous policy language, plaintiff's pertinent allegations, and summary judgment evidence, no genuine issue of material fact exists. Thus, the unopposed motion has merit. Judgment as a matter of law in favor of Geico is proper, leading to the dismissal of claims against that defendant.

New Orleans, Louisiana, this 8th day of May, 2024

SENIOR UNITED STATES DISTRICT JUDGE